# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STATE OF TENNESSEE,   )
         )
  Appellee,    ) **C. C. A. NO. W1999-01838-CCA-R3-CD**
         )
vs.        ) **FAYETTE COUNTY**
         )
BARRY KESSLER KIRK,  ) **No. 4604**
         )
  Appellant.   )

**FILED**

**January 12, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. In August 1998, the appellant was convicted by a jury of flagrant nonsupport and received a one year sentence. The record reflects that the appellant was placed on probation. The appellant timely filed notice of appeal. The appellate record was filed with this Court on February 1, 1999, and the appellant filed brief on May 27, 1999. Subsequently, on July 26, 1999, the state filed the present motion. The appellant did not file a response.

In his brief on appeal, the appellant challenges the sufficiency of the convicting evidence and the admissibility of certain evidence. The appellant, however, has failed to include in the record on appeal the transcript of the trial. T.R.A.P. 24(b). In such a case, the appellant has waived the affected issues and this Court, therefore, is precluded from conducting an appropriate review on appeal. See State v. Ballard, 855 S.W.2d 557 (Tenn. 1993). Accordingly, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

For this reason, we are unable to find any error in the proceedings below. Accordingly, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this proceeding shall be assessed to the appellant.

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE